IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TROY A. VEASEY                                                                                  PETITIONER
ADC #77398

VS.                            CASE NO.: 5:11CV00200 BD

RAY HOBBS, Director,
Arkansas Department of Correction                                                  RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner Troy A. Veasey, an inmate in the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1), challenging an Arkansas requirement that he register as a "Sexually Violent Predator." Respondent Ray Hobbs has responded to the petition. (#13) For the following reasons, Mr. Veasey's petition is DENIED and DISMISSED, with prejudice.

### I.   Background

On September 30, 1981, a Pulaski County Circuit Court jury found Mr. Veasey guilty of rape. He appealed, and the Arkansas Supreme Court affirmed the conviction on July 6, 1982. *Veasey v. State*, 276 Ark. 457, 637 S.W.2d 545 (Ark. 1982).

In 1997, Arkansas enacted the Sex Offender Registration Act (the "Act"). ARK. CODE ANN. §§ 12-12-901, *et. seq*. Under the Act, Mr. Veasey is required to register as a sex offender upon his release from prison or face a felony charge for failing to register.

Mr. Veasey filed the current federal petition for writ of habeas corpus on August 8, 2011. He argues that the Act violates the constitutional prohibition against *ex post facto*

punishment because the registration requirement went into effect on August 1, 1997, over fifteen years after his conviction. In response to the petition, Mr. Hobbs contends that Mr. Veasey's claims are untimely, meritless, and not cognizable in a federal habeas petition. (#13)

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period during which a state prisoner may commence a federal habeas corpus proceeding under 28 U.S.C. § 2254. The controlling statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Mr. Veasey's conviction became final in 1982, well before the one-year limitations period took effect on April 24, 1996. Accordingly, Mr. Veasey had one year from the date the limitations period took effect to file his federal petition. See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003)(prisoners whose convictions became final prior to the AEDPA's enactment have a one-year grace period from the date of enactment to timely file a federal habeas petition).

Mr. Veasey argues that the sex offender registration requirement did not arise until March 21, 2007. (#1) But he does not provide any explanation or argument supporting this.

In some circumstances, the one-year limitations period does not begin to run until the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). The factual predicate of a claim is determined by the essential facts underlying the claim. *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009)(quoting *McAleese v. Brennan*, 483 F.3d 206, 214 (3rd Cir.2007)). If, as Mr. Veasey alleges, the registration requirement did not arise until March 21, 2007, he would have had until March 21, 2008, to file this petition.

He filed this federal habeas petition on August 8, 2011– obviously more than a year after the limitations period became applicable to him or any factual predicate of his claim could have been discovered. Accordingly, his claims are barred by the one-year statute of limitations, unless the limitations period was tolled.

    A. *Statutory Tolling*

The time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2) Mr. Veasey, however, did not file any pleading that would trigger this tolling provision. Accordingly, Mr. Veasey's federal petition was not timely, if he is relying on statutory tolling. So, his claims are barred unless saved by equitable tolling.

    B. *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008). A petitioner who invokes

equitable tolling, however, bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling affords an "exceedingly narrow window of relief." *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).

Based on the record here, the Court cannot conclude that Mr. Veasey diligently pursued his rights. He has offered no explanation for his fifteen-year delay in pursuing this matter. There is also no evidence of an extraordinary circumstance that prevented him from filing a petition in a timely manner. Accordingly, Mr. Veasey is not entitled to equitable tolling.

  C. *Ex Post Facto*

Mr. Veasey claims the requirement to register as a sex offender does not apply to him because the requirement was not in existence at the time of his conviction. Essentially, he is arguing a violation of his right to be free from *ex post facto* punishment. The Supreme Court of the Unites States has rejected this argument. See *Smith v. Doe*, 538 U.S. 84, 102, 123 S.Ct. 1140, 1152 (2003) (registration requirements make valid sex offender regulatory programs effective and do not impose punitive restraints in violation of the *Ex Post Facto* Clause). Accordingly, this argument has no merit.

### III. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Veasey has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Veasey has not provided a basis for issuing a certificate of appealability. Accordingly, a certificate of appealability is denied.

### IV. Conclusion

The petition is time-barred. For that reason, Troy A. Veasey's petition for a federal writ of habeas corpus is DENIED, and this case is DISMISSED, with prejudice.

DATED this 8th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE